UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY SHANNON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-682 CAS |
| GFK CUSTOM RESEARCH LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's pro se motion to strike the sworn affidavit of Eleonore Muller and plaintiff's pro se motion to remand. Defendants have filed a response to the motion to remand, and plaintiff has replied. Defendants have not filed any response to the motion to strike the affidavit of Eleonore Muller, and the time for doing so has passed. For the following reasons, plaintiffs' motions will be denied.

**Background**

On March 6, 2013, plaintiff Terry Shannon initially filed suit in the Circuit Court of St. Louis County, Missouri. Plaintiff alleges unlawful employment discrimination and retaliation in violation of the Missouri Human Rights Act, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, and 42 U.S.C. § 1981.

On April 11, 2013, defendants GfK Custom Research LLC, Doane Marketing Research, Brandy Young, Marilyn Switcher, Zsuzsanna Berencsi, and Mary Stevison ("defendants") removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). In their notice of removal, defendants state that "Plaintiff erroneously identifies a number of other GfK-related entities [in his complaint], which are not the proper employing entity. For judicial efficiency, Defendants enter their appearance and remove this matter." Notice of Removal

at ¶ 2. Defendants also state they have obtained the consent of the remaining individuals and entities to remove this matter to this court. Id. at ¶ 5.

Plaintiff filed a motion to remand back to state court. He states that because defendants GfK Custom Research North America and GFK Healthcare did not join in the notice of removal, defendants have violated the procedural rule of unanimity and remand is required. Defendants respond that the non-consenting defendants are not legal entities, and their consent was not possible or required. Defendants file the affidavit of Eleonore Muller in support of their assertion that the two non-consenting defendants are not legal entities. In response, plaintiff has moved to strike the affidavit of Ms. Muller.

A.   **Plaintiff's Motion to Strike the Sworn Affidavit of Eleonore Muller**

In her affidavit, Ms. Muller states that she is a paralegal for GfK Custom Research LLC, in the Legal Services and Transactions Americas division. See Muller Aff. ¶ 1. She states that the entity GfK Custom Research North America does not exist and has never existed as a legal entity. The name GfK Custom Research North America is a former "doing business as" fictitious name used for marketing purposes, and that the fictitious name has not been used since 2011. Id at ¶ 2. Ms. Muller also states that defendant GfK Healthcare does not exist as a legal entity. GfK Healthcare, LP was merged into GfK Custom Research, LLC on December 22, 2011. Id. at ¶ 3.

Plaintiff argues Ms. Muller is wrong, and refers the Court to several pages from the social media site www.linkedin.com ("LinkedIn"). These pages reflect that several individuals are listed as being employed at GfK Custom Research North America. See Pl. Mot. at ¶ 10; Exs. A-1 to A-7 (Doc. 42-1).[1] Plaintiff has also attached the GfK Custom Research North America home page from

---

[1] Exhibits A-1 to A-7 were attached to Plaintiff's Fourth Amended Response to Defendants' Motion to Dismiss (Doc. 42).

LinkedIn, which provides information about GfK Custom Research North America, including its headquarters, company size, and website. See Exs. A-6 and A-7 (Doc. 42-1).

Nothing about these exhibits refutes Ms. Muller's assertion that GfK Custom Research North America is a fictitious name of GfK Custom Research LLC. These pages do refute that it is a "former" doing business as fictitious name that has not been used since 2011. Apparently, the fictitious name is still being used by LinkedIn. But merely copying some pages from a publicly available website used for employment and networking purposes does not establish that GfK Custom Research North America exists as a legal, suable entity. Nor is LinkedIn a sufficiently reliable source on which to rest the determination that Ms. Muller's affidavit lacks foundation of personal knowledge. See, e.g., Badasa v. Mukasey, 540 F.3d 909-10 (8th Cir. 2008) (discussing Wikipedia as a legal source).

Ms. Muller's affidavit explicitly states that it is based on her personal knowledge as to the corporate structure of the various GfK-related entities. The contents and contexts of Ms. Muller's affidavit establish that it is based on personal knowledge, as it describes corporate associations that she would have knowledge of through her position as a paralegal for GfK Custom Research LLC, Legal Services and Transactions Americas division. The Court will therefore deny the motion to strike and will consider the affidavit in connection with defendants' opposition to plaintiff's motion to remand.

**B.**     **Plaintiff's Motion to Remand**

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's

Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); McHugh v. Physicians Health Plan, 953 F. Supp. 296, 299 (E.D. Mo. 1997).  The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied.  Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

28 U.S.C. § 1446(b)(2)(A) states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  A leading federal procedure treatise states this general rule, known as the "rule of unanimity," that all defendants must join in a notice of removal:

> In general, all defendants must join in the notice of removal.  Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal. . . .

16 James Wm. Moore, et al., Moore's Federal Practice, § 107.11[1][c] (3d ed. 2012) (citing Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)).  See also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3731 (2d ed. 1987) ("Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants, although other forms of acknowledging consent may be acceptable to the federal court.").  This long-standing rule was codified at 28 U.S.C. § 1446(b)(2)(A) by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat.758, which applies to this case.  See Pub.L. No. 112–63, § 105, 125 Stat. at 762.

In his motion to remand, plaintiff states defendants GfK Custom Research North America and GfK Healthcare have not consented to removal, and therefore the case must be remanded to state court.  Defendants oppose remand, stating: (1) GfK Custom Research North America and GfK Healthcare are not legal entities and may be disregarded for the purpose of removal; and (2) if they were actual legal entities, they would be nominal defendants not required to consent to removal.  In

support of their argument, defendants filed the affidavit of Ms. Muller, which states that GfK Custom Research North America is a fictitious "doing business as" name and GfK Healthcare was merged into GfK Custom Research, LLC on December 22, 2011. Muller Aff. at ¶¶ 2-3; see also Part A, supra.

Plaintiff's reply attempts to refute Ms. Muller's affidavit. Plaintiff states that defendant GfK Custom Research North America has been sued several times in federal court, with attorneys from the firm Littler Mendelson representing it, and attaches various documents filed in these other federal cases. Plaintiff also attaches records from the New Jersey Secretary of State, allegedly showing that GfK Healthcare still exists. Plaintiff also refers again to an employee's profile on LinkedIn to establish the legal viability of GfK Custom Research North America.

The Court has reviewed all the evidence submitted by plaintiff in support of his assertion that GfK Custom Research North America and GfK Healthcare are legal, suable entities. None of it directly contravenes Ms. Muller's sworn affidavit, based on her personal knowledge. For example, in the cases cited by plaintiff in which GfK Custom Research North America was named as a defendant, this entity was incorrectly sued (Grupke v. GfK Custom Research N. Am., No. 1:13-CV-913 PAC, Doc. 3 (S.D.N.Y. filed Feb. 7, 2013) (stating in corporate disclosure that GfK Custom Research, LLC was incorrectly sued as GfK Custom Research North America)); voluntarily dismissed by plaintiff before filing an answer (Stavis v. GfK Holding, Inc., et al., No. 1:09-CV-5096 RJS, Doc. 8 (S.D.N.Y. filed June 1, 2009)); or not technically involved in suit (Skinner v. GfK Custom Research N. Am., et al., No. 08-CV-1472, Docs. 3 and 4 (D. Minn. filed May 30, 2008) (docketing entries of appearance and answer by defendant GfK Custom Research, LLC "on behalf of GfK Custom Research North America")). The New Jersey Secretary of State records attached to plaintiff's reply brief show GfK Healthcare, LP's status as "merged," and with its last annual

report filed on November 1, 2011.  This is entirely consistent with Ms. Muller's statement that the company merged into GfK Custom Research, LLC on December 22, 2011.  Compare Pl. Reply Ex. A (Doc. 33-1) with Muller Aff. at ¶ 3.

Based on the evidence submitted by defendants in opposition to remand, specifically the affidavit of Ms. Muller, the Court finds that GfK Custom Research North America is a former "doing business as" fictitious name.  As such, defendants were "obviously unable and not required to obtain consent from a fictitious defendant" for purposes of removal.  Arechederra v. Hunter's View Ltd., 2011 WL 2532924, *2 (W.D. Mo. June 24, 2011) (citing Gilberg v. Stepan Co., 24 F. Supp. 2d 325, 329 n.2 (D. N.J. 1998)).  The Court also finds that defendant GfK Healthcare does not exist, as it was merged into defendant GfK Custom Research, LLC on December 22, 2011.  The removing defendants did not need consent from a nonexistent entity to properly remove this action to federal court.

For the foregoing reasons, the Court finds that all existing legal defendants consented to the removal, and the rule of unanimity was not violated.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike the affidavit of Eleonore Muller is **DENIED**. [Doc. 41]

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is **DENIED**. [Doc. 29]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of May, 2013.