**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TERRY SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-682 CAS |
| ) | |
| GFK CUSTOM RESEARCH LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants GfK Custom Research LLC, Doane Marketing Research, Brandy Young, Marilyn Switcher, Zsuzsanna Berensci, and Mary Stevison's ("defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The matter is fully briefed and ready for disposition. For the following reasons, defendants' motion will be granted.

**Background**

On March 6, 2013, plaintiff Terry Shannon, proceeding pro se, filed the current suit in the Circuit Court of St. Louis County, Missouri. He alleges unlawful employment discrimination and retaliation in violation of the Missouri Human Rights Act, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. § 1981. On April 11, 2013, defendants removed the case to this Court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

Defendants move to dismiss plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) because plaintiff's claims are barred by operation of Federal Rule of Civil

Procedure 41(a)(1), the two dismissal rule.[1] Defendants state that during the course of the past sixteen months, plaintiff has attempted to avoid any substantive ruling on his various complaints by amending, dismissing, and refiling his lawsuits. Defendants state that because plaintiff has twice voluntarily dismissed his prior complaints, the two dismissal rule operates to prohibit him from re-alleging the claims in the current complaint.

Plaintiff opposes the motion to dismiss. He states, inter alia, that in one of his prior state court cases, defendants filed what the court should have construed as a summary judgment motion, and therefore Rule 41(a)(1) does not apply. He also argues that the two dismissal rule should not apply because his second dismissal occurred in state court.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). It may,

---

[1] Defendants argue, alternatively, that plaintiff failed to exhaust his administrative remedies with respect to several claims and several individual defendants. Because the Court finds the two dismissal rule bars this suit in its entirety, the Court will not consider defendants' alternative grounds for dismissal.

however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings. Id. The Court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (8th Cir. 1996) (citation omitted). In ruling on the pending motion, the Court has considered the state and federal court records in Shannon I and Shannon II. The Court may consider these public records, whose authenticity are not questioned, without treating the dismissal motion as a motion for summary judgment under Federal Rules 12(d) and 56.

**Procedural History**

Plaintiff's original lawsuit, Shannon v. GFK-Kynetec, et al., No. 4:11-CV-2181 CEJ (Shannon I), was filed in this Court on December 16, 2011. In Shannon I, plaintiff alleged discrimination and retaliation claims under the MHRA, Title VII, ADEA, and 42 U.S.C. § 1981 against defendants Doane Marketing Research, Linda Rooney, Marilyn Switcher, Brandy Young, Mary Stevison, Gloria Jean Lucarelli, Zsuzsanna Berencsi, and Karen Chilcote.

Plaintiff voluntarily dismissed Shannon I on April 10, 2012.

Although Shannon I was pending less than four months, plaintiff filed two amended complaints and five separate motions for leave to amend his complaint. See Shannon I, Doc. 4, 32, 34, 38, 42, 44, and 46. On March 21, 2012, the Court issued an Order on plaintiff's motion for leave to file a fifth amended complaint. Id. at Doc. 45. The Court advised plaintiff of various guidelines for filing an amended complaint. The Court ordered plaintiff to file an amended complaint by April 30, 2012 that complied with the detailed instructions set forth in the Order. On March 28, 2012, plaintiff filed what he captioned as his "Second Amendment to Civil Suit." While awaiting defendants' response to the complaint, however, plaintiff filed a motion to dismiss the case without

prejudice. On April 10, 2012, the Court granted plaintiff's motion, stating that because no answer or summary judgment motion had been filed, plaintiff could dismiss the action as a matter of right under Rule 41(a)(1)(A)(i). Id. at Doc. 48.

Less than two weeks after dismissing Shannon I, plaintiff filed his second lawsuit, Shannon v. GFK-Kynetec, et al., No. 12SL-CC01395 ("Shannon II"), in the Circuit Court of St. Louis County. In Shannon II, plaintiff alleged nearly identical claims as in Shannon I under the MHRA, Title VII, ADEA, and § 1981 against identical defendants. Defendants removed Shannon II to this Court on May 14, 2012. See Shannon v. Doane Marketing Research, et al., No. 4:12-CV-865 CEJ (also "Shannon II"), Doc. 1.

Plaintiff's federal court filings in Shannon II were even more prolific than those in Shannon I. These filings include the following: an amended complaint; a memorandum in support of the amended complaint; two motions to further amend the complaint; a memorandum and exhibits to support plaintiff's claim against defendants for fraud on the court; two motions to remand; a motion for partial summary judgment with supporting memorandum; an amended motion for partial summary judgment with affidavit in support and with supporting memorandum; and an "addendum to plaintiff's opposition to defendants' memorandum in opposition to plaintiff's motion to remand." See also Shannon II, Doc. 29 at 2 n.2.

Among these filings was plaintiff's amended complaint, filed May 17, 2012. Plaintiff amended his complaint, as a matter of course pursuant to Rule 15(a)(1), to allege only claims under the MHRA. By doing so, he abandoned all his federal claims against defendants. Because his amended complaint alleged only state law claims under the MHRA, Shannon II was remanded to state court on September 27, 2012. Id. at Doc. 29.

Back in state court, plaintiff voluntarily dismissed his remaining MHRA claim in Shannon II on February 20, 2013.

On March 6, 2013, plaintiff filed the instant action, Shannon v. GFK Custom Research, LLC, et al., No. 4:13-CV-682 CAS ("Shannon III"), against defendants asserting nearly identical claims under the MHRA, Title VII, ADEA, and § 1981.[2] Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(B), or the two dismissal rule, which bars a plaintiff from filing a third complaint alleging the same claims after having twice voluntarily dismissed the same.

**Discussion**

    A.    Defendants' Motion to Dismiss Pursuant to Rule 41(a)(1)(B)

Defendants argue plaintiff's complaint should be dismissed pursuant to Federal Rule 41(a)(1), which provides in relevant part:

> **(a) Voluntary Dismissal.**
>
>   **(1)** *By the Plaintiff.*
>
>     **(A)** *Without a Court Order.* . . . [T]he plaintiff may dismiss an action without a court order by filing:
>
>       (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
>       (ii) a stipulation of dismissal signed by all parties who have appeared.
>
>     **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a).

---

[2] In the five months that Shannon III has been pending in this Court, plaintiff has filed 27 motions.

This provision, known as the two dismissal rule, is an exception to the general rule that a dismissal by notice is without prejudice. Under the two dismissal rule, a plaintiff may pursue the same action for a second time, but will be barred from litigating a third action. See 8 James Wm. Moore et al., Moore's Federal Practice ¶ 41.33[7][a] (3d ed. 2013); see also Engelhardt v. Bell & Howell Co., 299 F.2d 480, 482-83 (8th Cir. 1962). "The purpose of the two dismissal rule is to prevent the harassment of the defendant through the repeated commencement and dismissal of actions based on the same claim." Moore's at ¶ 41.33[7][a]; Engelhardt, 299 F.2d at 483 ("Certainly the commencement of three separate actions against the same defendant for the same claims with . . . the necessary expense and inconvenience in connection therewith, the employment of counsel, the removal of each case to federal court and the effect on defendant's customers may well have totaled up to be harassment . . . which the two dismissal rule sought to avoid or penalize.").

Generally, if the second dismissal is taken in state court, it will not trigger the two dismissal rule. But, a federal court will give res judicata effect to such a state court dismissal if the state has enacted its own version of the two dismissal rule. Moore's at ¶ 41.33[7][d]. Missouri state courts have a similar rule of procedure, Missouri Rule of Civil Procedure 67.02. It provides, in relevant part:

> **67.02. Voluntary Dismissal—Effect of**
>
> (a) . . . a civil action may be dismissed by the plaintiff without order of the court anytime:
>
> (1) Prior to the swearing of the jury panel for the voir dire examination, or
>
> (2) In cases tried without a jury, prior to the introduction of evidence at trial.
>
> A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:
>
> (1) Upon filing a stipulation to that effect signed by the opposing party, or

>  (2) On order of the court made on motion in which the ground for dismissal shall be set forth.
>
>  (b) Except as provided in Rule 67.02(a), an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper.
>
>  (c) A voluntary dismissal under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff.  Any other voluntary dismissal shall be without prejudice unless otherwise specified by the court or the parties to the dismissal.

Mo. R. Civ. P. 67.02.

Although the issue is not as straightforward as defendants suggest, the Court agrees with defendants that plaintiff's claims in Shannon III are barred by operation of the two dismissal rule.

>  (1)  *Shannon I*—The First Voluntary Dismissal

The first voluntary dismissal does not raise any difficult issues: on April 2, 2012, plaintiff filed in federal court a "motion to dismiss without prejudice and without cost."  The Court granted the motion, stating that because no answer or summary judgment motion had been filed, "plaintiff may dismiss the action as a matter of right.  Fed. R. Civ. P. 41(a)(1)(A)(i)."  Shannon I, Doc. 48.  The Court's citation refers specifically to Federal Rule 41(a)(1)(A), which pertains to a voluntary dismissal without court order.  This dismissal was a unilateral notice of dismissal pursuant to Federal Rule 41(a)(1)(A).

>  (2)  *Shannon II*—The Second Voluntary Dismissal

The second voluntary dismissal, however, raises an issue:  it was taken in Missouri state court under the Missouri Rules of Civil Procedure.  Defendants incorrectly assert that the federal rule is unconcerned with whether the second voluntary dismissal occurs in federal or in state court. Defendants state: "Finally, plaintiff's position is directly contradicted by the language of Federal Rule of Civil Procedure 41 which states, 'if the plaintiff previously dismissed any federal- or state-

court action based upon or including the same claim, a notice of dismissal operates as an adjudication on the merits.'" (Defs.' Reply at 2).

Defendants' quotation is taken out of context. In context, Rule 41 states: "[T]he plaintiff may dismiss an action without a court order by filing [ ] a notice of dismissal. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." By taking the quotation out of context, defendants argue that the federal rule applies to the second dismissal whether the second dismissal occurs in state or federal court. Reading the rule in its entirety, however, it is apparent that the rule is unconcerned with whether the *first* dismissal (i.e., the "previous" dismissal) is in federal or state court. In order for Rule 41 to be applicable to the second voluntary dismissal, the second voluntary dismissal must be in federal court. If the second voluntary dismissal is taken in state court, it is taken under the procedural rules of the state court. Its effect would be determined by the state court rules. In Shannon I plaintiff took a voluntary dismissal in federal court; Federal Rule 41 applies to Shannon I. In Shannon II, plaintiff took a voluntary dismissal in Missouri state court; Federal Rule 41 does not apply to Shannon II.

Defendants are not out of luck, however. Although a second state court dismissal generally will not trigger the federal two dismissal rule (Moore's at ¶ 41.33[7][c]), federal courts give res judicata effect to such dismissals if the state has enacted its own version of the two dismissal rule. See id. at ¶ 41.33[7][d]. Missouri has adopted its own version of the two dismissal rule, Missouri Rule of Civil Procedure 67.02. Therefore, the fact that plaintiff's second voluntary dismissal was taken in Missouri state court does not preclude defendants from arguing the second dismissal should be given res judicata effect in federal court.

Finally, by its terms, the two dismissal rule requires that the second dismissal be of an action based on or including the "same claim" as the first. Fed. R. Civ. P. 41(a)(1)(B); Moore's at ¶ 41.33[7][e] and [f]. Some courts have interpreted the "same claim" language of Rule 41 to apply if the second case pursues the identical legal theory as the first; others hold that the rule applies when the factual allegations of the two suits are substantially the same. Id. at ¶ 41.33[7][e]. The Eighth Circuit does not appear to have weighed in on this issue. The Court has reviewed the claims stated in Shannon I, Shannon II, and Shannon III and finds that plaintiff's claims in each of the three suits are factually and legally the same for purposes of Rule 41. Therefore, plaintiff is barred from litigating this third action.

The two dismissal rule seeks to prevent the harassment of defendants through the repeated commencement and unilateral dismissal of actions without court intervention. Plaintiff's litigation against defendants began on December 16, 2011 when he first filed his original suit in this Court. Over the course of the last twenty months, plaintiff has filed more than seventeen complaints and countless motions in state and federal courts. "It would seem that the two dismissal rule was propounded to meet just this kind of situation." Engelhardt v. Bell & Howell Co., 299 F.2d 480, 484 (8th Cir. 1962).

    B.    Plaintiff's Other Pending Motions

Plaintiff has seven other motions pending: (1) plaintiff's motion for default judgment against defendants GFK Custom Research North America and GFK Healthcare, or in the alternative, plaintiff's second motion to remand (Doc. 35); (2) plaintiff's second motion for default judgment against defendants GFK Custom Research North America and GFK Healthcare (Doc. 37); (3) plaintiff's motion requesting in camera review of additional privileged evidence that supports his claims (Doc. 49); (4) plaintiff's motion for leave to amend complaint (Doc. 68); (5) plaintiff's

motion for reconsideration of denial of plaintiff's motion to amend his complaint (Doc. 73); (6) plaintiff's motion for an extension of time to serve unserved defendants (Doc. 75); and (7) plaintiff's motion for leave to file a second amended complaint (Doc. 77).

The Court has reviewed plaintiff's proposed amended complaints. (Docs. 68-1 and 77-2). Both reallege the claims previously voluntarily dismissed in Shannon I and Shannon II, and therefore the proposed amendments do not cure plaintiff's procedural problems and allowing the amendments would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court will deny plaintiff's two pending motions for leave to amend his complaint. The Court will deny all other pending motions as moot.

### C.   The Unserved Defendants and Nonexistent Defendants

Plaintiff has named as defendants Karen Chilcote and Gloria Jean Lucarelli. Both individuals were also named as defendants in Shannon I and Shannon II. Neither defendant has been served in Shannon III. Because the two dismissal rule would bar plaintiff's action against these defendants, just as it bars the action against the moving defendants, the Court finds it appropriate to dismiss plaintiff's claims as to these unserved defendants sua sponte. It is patently obvious that the plaintiff cannot prevail against these individuals based on the facts alleged in the complaint. See Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996); Addison v. Pash, 961 F.2d 731, 732 (8th Cir. 1992) (per curiam); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991).

Also, plaintiff has named as defendants GFK Custom Research North America and GFK Healthcare. As the Court has previously ruled, these entities are nonexistent. See Shannon III, Doc. 46 at 5-7. Plaintiff cannot state a claim against a nonexistent entity, and therefore his claims against these defendants must be dismissed.

**Conclusion**

For the foregoing reasons, the Court concludes that defendants have met the burden of proving applicability of the two dismissal rule by a preponderance of the evidence. See Randall v. Direct Buy, Inc., 2009 WL 4030533, *3 (E.D. Mo. Nov. 19, 2009) (citing Marquis v. Federal Reserve Bank of Chicago, 286 F.3d 1014, 1017 (7th Cir. 2002)).

Accordingly,

**IT IS HEREBY ORDERED** that defendants GfK Custom Research LLC, Doane Marketing Research, Brandy Young, Marilyn Switcher, Zsuzsanna Berencsi, and Mary Stevison's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that plaintiff's claims against unserved defendants Karen Chilcote and Gloria Jean Lucarelli and nonexistent defendants GFK Custom Research North America and GFK Healthcare are sua sponte **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to file an amended complaint are **DENIED**. [Docs. 68 and 77]

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot**. [Doc. 35, 37, 38, 49, 52, 73, and 75]

An order of dismissal will accompany this memorandum and order.

                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of September, 2013.